IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTINA JACOBS,

    Plaintiff,

v.                                    Civil Action No. 5:12CV137
                                                (STAMP)
ALICIA WILSON, Physician's Assistant
and JANET SHACKLEFORD, Medical Doctor,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION**
**AND DISMISSING CASE WITHOUT PREJUDICE**

I. Background

On September 18, 2012, the pro se[1] plaintiff, a federal prisoner incarcerated at FCI Waseca, filed this civil rights action pursuant to Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971). The complaint asserts that the plaintiff received substandard medical care at USP Hazelton, and that the insufficiency of this care violated her Eighth Amendment rights. Pursuant to Local Rule of Prisoner Litigation 2, this matter was referred to Magistrate Judge John S. Kaull for preliminary review and report and recommendation.

Upon preliminary review, Magistrate Judge Kaull determined that the plaintiff failed to exhaust her administrative remedies prior to filing this civil action. Accordingly, the magistrate

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

judge entered a report and recommendation recommending that this Court dismiss the plaintiff's complaint without prejudice for failure to exhaust.  Magistrate Judge Kaull then informed the plaintiff that, if she objected to any portion of the report and recommendation, she must file objections thereto within 14 days of receiving the report and recommendation.  The plaintiff did not file objections, but she filed a motion asking this Court to hold in abeyance and defer ruling on the report and recommendation pending exhaustion of the plaintiff's administrative remedies, and a motion asking that this civil action be joined with a second civil action that she has filed in this district.  She has since also indicated that her administrative remedies have been exhausted following the magistrate judge's report and recommendation.  For the reasons that follow, this Court affirms and adopts the magistrate judge's report and recommendation and will dismiss this civil action without prejudice.

## II. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made.  Because the plaintiff filed objections to the report and recommendation recommending denial of the plaintiff's motion for injunctive relief, the magistrate judge's recommendation as to this motion will be reviewed de novo.  Although the plaintiff failed to file

objections to the magistrate judge's report and recommendation, she asks that this court not dismiss her case because she exhausted her administrative remedies after the magistrate judge's report and recommendation was entered.  This Court will construe the motions that the plaintiff filed following the report and recommendation as objections to the report, and will review the magistrate judge's findings de novo.

III. Discussion

As noted above, Magistrate Judge Kaull recommends that this civil action be dismissed because he found that the plaintiff's complaint is barred because she has failed to properly exhaust her administrative remedies as required as a prerequisite to filing this civil action pursuant to 42 U.S.C. § 1997(e)(a).  The plaintiff does not contest the magistrate judge's finding that she failed to exhaust her administrative remedies prior to filing this civil action.  Rather, she asserts that she has now fully exhausted her remedies, and argues that she should thus be permitted to proceed with the merits of her claims.  Regardless of the current state of the plaintiff's administrative claims, this Court finds that the magistrate judge's recommendation must be adopted, and this case dismissed without prejudice.

The Prisoner Litigation Reform Act ("PLRA") requires that a prisoner filing a Bivens action exhaust all available administrative remedies prior to filing a civil action in federal

court. 42 U.S.C. § 1997(e)(a). This administrative remedy exhaustion requirement applies to <u>all</u> civil suits filed by prisoners about any aspect of prison life, regardless of the remedies sought. <u>Booth v. Churner</u>, 532 U.S. 731, 741 (2001). The inmate administrative grievance process provided for by the Bureau of Prisons is fully and adequately outlined by the magistrate judge in his report and recommendation and will not be revisited here. ECF No. 9 *3. However, this Court will note that full and proper exhaustion is a mandatory prerequisite to the filing of a <u>Bivens</u> complaint. <u>Booth</u>, 532 U.S. at 741; <u>Porter v. Nussle</u>, 534 U.S. 516, 524 (2002).

The magistrate judge found that, at the time that the plaintiff filed this civil action, her BP-9 and BP-10 requests had been denied, but that her BP-11 claim remained pending. The plaintiff concedes this, and after review of the record, this Court agrees. Accordingly, it is clear from the face of the plaintiff's complaint that she failed to fully and adequately exhaust her administrative claims prior to the filing of this civil action, and that her claims must thus be dismissed pursuant to the PLRA. <u>See</u> <u>Anderson v. XYZ Corr. Health Servs</u>, 407 F.3d 674, 682 (4th Cir. 2005) (If the complaint clearly shows that "an inmate has not exhausted [her] administrative remedies . . . <u>sua sponte</u> dismissal" is appropriate.)

Further, the plaintiff's assertions that her BP-11 has since been denied and that her administrative remedies are now exhausted, do not change this result.² As noted above, the PLRA mandates that all available administrative remedies be exhausted <u>prior</u> to filing suit, and that failure to do so requires dismissal without prejudice. <u>See</u> <u>Porter</u>, 534 U.S. at 524. Exhaustion during the pendency of a civil action filed before exhaustion was complete also does not allow a plaintiff to avoid dismissal. <u>See</u> <u>Neal v. Goord</u>, 267 F.3d 116, 121-122 (2d Cir. 2001) ("[T]he plain language of § 1997e(a), providing that 'no action shall be brought . . . until such administrative remedies as are available are exhausted,' suggests that exhaustion prior to commencement of a § 1983 action is mandated . . . . Subsequent exhaustion after suit is filed therefore is insufficient." (internal citations omitted)). Finally, as the exhaustion requirements are beyond the discretionary power of this Court, this Court does not have the authority to grant the plaintiff's request to hold her case in abeyance rather than to dismiss it for failure to exhaust. <u>See</u> <u>Woodford v. Ngo</u>, 548 U.S. 81, 85 ("Exhaustion is no longer left to the discretion of the district court, but is mandatory.").

---

²This Court makes no ruling today on whether the plaintiff has actually successfully exhausted her administrative remedies as to the claims she makes in this case.

## IV. Conclusion

In accordance with the foregoing, and after a de novo review, the pending report and recommendation of the magistrate judge (ECF No. 9) is AFFIRMED and ADOPTED. The plaintiff's motion to hold in abeyance and to defer ruling on report and recommendation (ECF No. 14) is DENIED. This civil action is thus DISMISSED WITHOUT PREJUDICE. Accordingly, the plaintiff's motions for leave to proceed in forma pauperis (ECF No. 2), for leave to file excess pages and for appointment of counsel (ECF No. 4), and to join this civil action with the plaintiff's later-filed Federal Tort Claims Act case (ECF No. 17) are DENIED AS MOOT.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se plaintiff by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

Should the plaintiff choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit on the issues to which objection was made, she is ADVISED that she must file a notice of appeal with the Clerk of this Court within 60 days after the date of the entry of the judgment order.

DATED:     July 18, 2013

                                                      <u>/s/ Frederick P. Stamp, Jr.</u>
                                                      FREDERICK P. STAMP, JR.
                                                      UNITED STATES DISTRICT JUDGE